# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MARTINEZ,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:17CV00377 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, DIRECTOR** | ) | By: James P. Jones |
| **OF DEPARTMENT OF** | ) | United States District Judge |
| **CORRECTIONS,** | ) | |
| | ) | |
| Respondent. | ) | |

*David Martinez, Pro Se Petitioner; Christopher P. Schandevel, Assistant Attorney General, Richmond, Virginia, for the Respondent.*

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner David Martinez, a Virginia inmate, challenges the validity of his confinement on a judgment from state court. After review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because Martinez's petition is procedurally barred.

I.

In 2013 Martinez was convicted in the Circuit Court of Alleghany County of second-degree murder and received an active sentence of twenty-five years. Martinez filed an appeal, which the Court of Appeals of Virginia denied. Martinez appealed again, but the Supreme Court of Virginia dismissed his petition for failing

to address the Court of Appeals of Virginia's ruling pursuant to Va. Sup. Ct. R. 5:17(c)(iii). After that, Martinez filed a habeas petition in the circuit court. The court granted relief on one of Martinez's claims, granting Martinez the right to seek a delayed direct appeal. That appeal remains pending before the Supreme Court of Virginia. Martinez appealed the circuit court's denial of his remaining habeas claims. The Supreme Court of Virginia dismissed that appeal.

On August 11, 2017, Martinez filed his petition in this court, alleging that his trial counsel had been ineffective for failing to (1) timely file a motion to suppress the evidence seven days before trial; (2) object to the admissibility of a certain prosecution exhibit at trial on the ground that it was not properly disclosed to the defense before trial; and (3) properly perfect his appeal when he failed to include a proper assignment of error. The respondent moves to dismiss Martinez's petition as procedurally barred.

## II.

"A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal

constitutional ruling.'" *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

In Martinez' state habeas appeal, the Supreme Court of Virginia denied Claims 1 and 2 pursuant to Virginia Supreme Court Rule 5:9(a), for failing to adequately identify the case to be appealed. Rule 5:9(a) is an independent and adequate state procedural rule constituting procedural default. *Wise v. Williams*, 982 F.2d 142, 144 (4th Cir. 1992). Therefore, Claims 1 and 2 are procedurally barred from federal review.

Additionally, "a federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).

Claim 3 is exhausted but defaulted. Martinez brought Claim 3 in his circuit court habeas petition, but failed to raise the claim in his appeal to the Supreme Court of Virginia. Therefore, Claim 3 was not properly presented to the highest state court, and the claim is exhausted but defaulted under *Baker*. Martinez cannot return to state court because any additional state habeas proceeding would be successive. *See* Va. Code Ann. § 8.01-654(B)(2) (A habeas petition "shall certify that the petitioner has filed no prior habeas corpus petitions attacking the conviction or probation revocation."). Thus, all claims are procedurally barred from federal review.

"If a claim is procedurally defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." *Bell v. True*, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). The "cause" prong requires a petitioner to demonstrate that there were some "objective factor," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 495. "[T]he 'cause and prejudice' test is framed in the conjunctive, the absence of cause makes unnecessary an inquiry into

prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985).  Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to demonstrate a colorable claim of actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 324-25 (1995).  Martinez has not shown that he was unable to comply with the state procedural rule or a colorable claim of actual innocence.  Accordingly, I will grant the motion to dismiss as to all claims.

IV.

For the stated reasons, Martinez's habeas claims are procedurally barred. Therefore, I will grant the Motion to Dismiss and deny Martinez's habeas petition. A separate Final Order will be entered herewith.

DATED:  April 13, 2018

/s/  James P. Jones
United States District Judge